[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a bench trial, defendant-appellant, Jeremy J. Tucker, was convicted of two counts of corrupting another with drugs pursuant to R.C. 2925.02(A)(4). In his sole assignment of error, he contends that his convictions are against the manifest weight of the evidence. After reviewing the record, we cannot conclude that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse Tucker's convictions and order a new trial. Therefore, the convictions are not against the manifest weight of the evidence. Statev. Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 546-547;State v. Allen (1990), 69 Ohio App.3d 366, 374, 590 N.E.2d 1272, 1278. See, also, State v. Pottersnak (June 29, 2001), Jefferson App. No. 00-JE-19, unreported; State v. Lungaro (Feb. 16, 2000), Medina App. No. 2951-M, unreported. Tucker is essentially arguing that the victim's testimony was not credible, but matters as to the credibility of evidence are for the trier of fact to decide. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Accordingly, we overrule Tucker's assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.